UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.:

Alfredo E. Cassiani,
Karolai Aguilar,
Johnny Vitora,
Marcos Vitora,
and other similarly situated individuals,

      Plaintiffs,

v.

Wolfpack Workforce LLC,
And Carlos Sada, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, Marcos Vitora, and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants Wolfpack Workforce LLC and Carlos Sada, individually, and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. Accordingly, this Court has jurisdiction

pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora are residents of Lee County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Wolfpack Workforce LLC (from now on Wolfpack Workforce, or Defendant) is a Foreign Limited Liability Company doing business in Lee County, Florida, where Plaintiffs worked for Defendant.

4. The individual Defendant, Carlos Sada, was and is now the owner/partner/officer/and manager of Wolfpack Workforce. Defendant Carlos Sada was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)], and he is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint occurred in Lee County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor

Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2022, (the "material time") without being adequately compensated.

7. Defendant Wolfpack Workforce is a staffing company providing personnel for the construction industry.

8. Defendant Wolfpack Workforce was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a staffing company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs had duties as construction laborers. Plaintiffs regularly handled and worked on goods and materials produced for commerce

and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Wolfpack Workforce and Carlos Sada employed Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora as non-exempted, full-time employees approximately from October 02, 2022, to December 14, 2022, or 10 weeks.

11. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora were hired to work as construction laborers, performing the removal of debris, demolitions, repairs, and home remodeling in the areas devastated by Hurricane Ian. Plaintiffs were paid an hourly rate of $18.00 an hour. Plaintiffs' overtime rate should be $27.00 an hour.

12. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked seven days per week, from Monday to Sunday, from 7:00 AM to 6:00 PM (11 hours daily). Plaintiffs worked a total of 70 hours weekly. Plaintiffs have already deducted 7 hours of lunchtime weekly (lunchtime 1 hour daily x 7 days=7 hours weekly).

13. Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs only their regular rate for all the hours worked.

14. In addition, during their employment with Defendants, Plaintiffs did not receive their wages for three consecutive weeks.

15. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

16. Plaintiffs signed timesheets, and Defendants could track the hours worked by Plaintiffs and other similarly situated individuals. In addition, Plaintiffs worked under the supervision of Paul de los Rios, supervisor Antonio (LNU), and manager Rogelio (LNU).

17. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 US Code §206 (a)(1). Defendants also failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

18. Plaintiffs' employment ended on or about December 14, 2022. Defendants failed to pay Plaintiffs three consecutive weeks of hard-earned wages.

19. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora have the same claim. They are claiming unpaid half-time overtime for ten weeks. In addition, Plaintiffs are claiming three unpaid weeks.

20. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora were paid with checks, without paystubs or records providing

information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

21. At times mentioned, individual Defendant Carlos Sada was and is now the owner/partner/manager of Wolfpack Workforce. Defendant Carlos Sada was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Wolfpack Workforce's interests concerning its employees, including Plaintiffs and others similarly situated. Defendant Carlos Sada had financial and operational control of the business determining Plaintiffs' terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiffs' damages.

22. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants, liquidated damages, and any other relief as allowable by law.

23. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

24. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora have retained the law offices of the undersigned Attorney to represent

them individually and on behalf of the asserted class in this action and are obligated to pay reasonable Attorneys' fees and costs.

<u>Collective Action Allegations</u>

25. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

27. This action is intended to include every construction laborer and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

28. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and and Marcos Vitora re-adopt every factual allegation stated in paragraphs 1-28 of this Complaint as if set out in full herein.

29. This action is brought by Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, Marcos Vitora, and those similarly situated to recover from the

Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207. 29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants Wolfpack Workforce and Carlos Sada employed Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora as non-exempted, full-time employees approximately from October 02, 2022, to December 14, 2022, or 10 weeks.

31. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora were hired to work as construction laborers, performing the removal of debris, demolitions, repairs, and home remodeling in the areas devastated by Hurricane Ian.

32. Plaintiffs were paid an hourly rate of $18.00 an hour. Plaintiffs' overtime rate should be $27.00 an hour.

33. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked seven days per week, a total of 70 hours weekly.

Plaintiffs have already deducted 7 hours of lunchtime weekly (lunchtime 1-hour daily x 7 days=7 hours weekly).

34. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora worked in excess of 40 hours weekly. Defendants paid them for all their working hours, but they did not compensate Plaintiffs for overtime hours, as required by law.

35. Plaintiffs signed timesheets, and Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

36. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

37. Plaintiffs were paid bi-weekly with checks, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

38. In addition, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

39. On or about December 14, 2022, Plaintiffs ended their employment with Defendants.

40. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

42. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid overtime hours, as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery when records are received.

### 1.- Overtime claim of Plaintiff Alfredo E. Cassiani

   a.  <u>Total amount of alleged unpaid wages</u>:

      Two Thousand Seven Hundred Dollars and 00/100 ($2,700.00)

    b.  <u>Calculation of such wages</u>:

        Total weeks of employment:  10 weeks
        Total relevant weeks of employment: 10 weeks
        Total hours worked: 70 hours weekly
        Total unpaid O/T hours: 30 hours weekly
        Regular rate: $18.00 an hour x 1.5= $27.00-$18.00 rate paid=$9.00
        Half-time: $9.00

        $9.00 x 30 hours=$270.00 weekly x 10 weeks=$2,700.00

    c.  <u>Nature of wages:</u>

    This amount represents unpaid half-time overtime wages[1]

## 2.- Overtime claim of Plaintiff Karolai Aguilar

    a.  Total amount of alleged unpaid wages:

    Two Thousand Seven Hundred Dollars and 00/100 ($2,700.00)

    b.  <u>Calculation of such wages</u>:

        Total weeks of employment:  10 weeks
        Total relevant weeks of employment: 10 weeks
        Total hours worked: 70 hours weekly
        Total unpaid O/T hours: 30 hours weekly
        Regular rate: $18.00 an hour x 1.5= $27.00-$18.00 rate paid=$9.00
        Half-time: $9.00

        $9.00 x 30 hours=$270.00 weekly x 10 weeks=$2,700.00

    c.  <u>Nature of wages:</u>

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

This amount represents unpaid half-time overtime wages[2]

### 3.- Overtime claim of Plaintiff Johnny Vitora

a. <u>Total amount of alleged unpaid wages</u>:

Two Thousand Seven Hundred Dollars and 00/100 ($2,700.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  10 weeks
Total relevant weeks of employment: 10 weeks
Total hours worked: 70 hours weekly
Total unpaid O/T hours: 30 hours weekly
Regular rate: $18.00 an hour x 1.5= $27.00-$18.00 rate paid=$9.00
Half-time: $9.00

$9.00 x 30 hours=$270.00 weekly x 10 weeks=$2,700.00

c. <u>Nature of wages</u>:

This amount represents unpaid half-time overtime wages[3]

### 4.- Overtime claim of Plaintiff Marcos Vitora

a. <u>Total amount of alleged unpaid wages</u>:

Two Thousand Seven Hundred Dollars and 00/100 ($2,700.00)

b. <u>Calculation of such wages</u>:

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Total weeks of employment:  10 weeks
Total relevant weeks of employment: 10 weeks
Total hours worked: 70 hours weekly
Total unpaid O/T hours: 30 hours weekly
Regular rate: $18.00 an hour x 1.5= $27.00-$18.00 rate paid=$9.00
Half-time: $9.00

$9.00 x 30 hours=$270.00 weekly x 10 weeks=$2,700.00

   c.  <u>Nature of wages:</u>

This amount represents unpaid half-time overtime wages.[4]

43. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

44. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

---

[4] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

45. Defendants Wolfpack Workforce and Carlos Sada willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment.

46. Plaintiffs have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, Marcos Vitora, and those similarly situated respectfully request that this Honorable Court:

    A. Enter judgment for Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, Marcos Vitora, and other similarly situated individuals and against the Defendants Wolfpack Workforce and Carlos Sada based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

    B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora demand a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

47. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora re-adopt every factual allegation stated in paragraphs 1-28 of this Complaint as if set out in full herein.

48. Plaintiffs bring this action to recover from the Employers Wolfpack Workforce and Carlos Sada unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

49. Defendant Wolfpack Workforce was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

50. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for

commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

51. Defendants Wolfpack Workforce and Carlos Sada employed Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora as non-exempted, full-time employees approximately from October 02, 2022, to December 14, 2022, or 10 weeks.

52. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora were hired to work as construction laborers, performing the removal of debris, demolitions, repairs, and home remodeling in the areas devastated by Hurricane Ian. Plaintiffs were paid an hourly rate of $18.00 an hour.

53. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked seven days per week, a total of 70 hours weekly. Plaintiffs have already deducted 7 hours of lunchtime weekly (lunchtime 1-hour daily x 7 days=7 hours weekly).

54. While employed by Defendants, Plaintiffs did not receive their wages for three consecutive weeks.

55. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

56. Plaintiffs signed timesheets, and Defendants could track the hours worked by Plaintiffs and other similarly situated individuals. In addition, Plaintiffs worked under the supervision of Paul de los Rios, supervisor Antonio (LNU), and manager Rogelio (LNU).

57. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 US Code §206 (a)(1).

58. Plaintiffs were paid bi-weekly with checks, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

59. On or about December 14, 2022, Plaintiffs ended their employment with Defendants.

60. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora have the same claim, three weeks of unpaid wages.

61. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked

by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

62. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

63. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery when payroll records are provided.
* Florida's minimum is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### 1.- Minimum wage claim of Plaintiff Alfredo E. Cassiani

a. Total amount of alleged unpaid wages:

Two Thousand Three Hundred Ten Dollars and 00/100 ($2,310.00)

b. Calculation of such wages:

Total weeks of employment:  10 weeks
Total relevant weeks of employment: 10 weeks
Number of unpaid weeks: 3 weeks
Regular rate: $18.00 an hour
Florida Minimum Wage 2022-2023: $11.00 an hour

$11.00 x 70 hours= $770.00 weekly x 3 weeks=$2,310.00

c. <u>Nature of wages:</u>

This amount represents regular unpaid wages at the Florida
Minimum wage rate[5]


**2.- Minimum wage claim of Plaintiff Karolai Aguilar**

a. <u>Total amount of alleged unpaid wages</u>:

Two Thousand Three Hundred Ten Dollars and 00/100 ($2,310.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  10 weeks
Total relevant weeks of employment: 10 weeks
Number of unpaid weeks: 3 weeks
Regular rate: $18.00 an hour
Florida Minimum Wage 2022-2023: $11.00 an hour

$11.00 x 70 hours= $770.00 weekly x 3 weeks=$2,310.00

c. <u>Nature of wages:</u>

This amount represents regular unpaid wages at the Florida
Minimum wage rate[6]

**3.- Minimum wage claim of Plaintiff Johnny Vitora**

a. <u>Total amount of alleged unpaid wages</u>:

---

[5] At this time, Plaintiff has limited time and payment records. Accordingly,
Plaintiff estimates his damages and reserves the right to amend the calculations.

[6] At this time, Plaintiff has limited time and payment records. Accordingly,
Plaintiff estimates her damages and reserves the right to amend the calculations.

Two Thousand Three Hundred Ten Dollars and 00/100 ($2,310.00)

b.  <u>Calculation of such wages:</u>

Total weeks of employment:  10 weeks
Total relevant weeks of employment: 10 weeks
Number of unpaid weeks: 3 weeks
Regular rate: $18.00 an hour
Florida Minimum Wage 2022-2023: $11.00 an hour

$11.00 x 70 hours= $770.00 weekly x 3 weeks=$2,310.00

c.  <u>Nature of wages:</u>

This amount represents regular unpaid wages in Florida
Minimum wage rate[7]

### 4.- Minimum wage claim of Plaintiff Marcos Vitora

a.  <u>Total amount of alleged unpaid wages:</u>

Two Thousand Three Hundred Ten Dollars and 00/100 ($2,310.00)

b.  <u>Calculation of such wages:</u>

Total weeks of employment:  10 weeks
Total relevant weeks of employment: 10 weeks
Number of unpaid weeks: 3 weeks
Regular rate: $18.00 an hour
Florida Minimum Wage 2022-2023: $11.00 an hour

$11.00 x 70 hours= $770.00 weekly x 3 weeks=$2,310.00

c.  <u>Nature of wages:</u>

---

[7] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

This amount represents regular unpaid wages at the Florida Minimum wage rate[8]

64. Defendants Wolfpack Workforce and Carlos Sada unlawfully failed to pay Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora minimum wages.

65. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

66. Defendants Wolfpack Workforce and Carlos Sada willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

67. Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorney's fees.

Prayer for Relief

---

[8] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Wherefore, Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, Marcos Vitora, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, and Marcos Vitora and against Defendants Wolfpack Workforce and Carlos Sada based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Alfredo E. Cassiani, Karolai Aguilar, Johnny Vitora, Marcos Vitora, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date:  April 29, 2023,

Respectfully submitted,

By:  **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, PA.

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*